IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANET LAWRENCE; and
JAMES LAWRENCE                                                              PLAINTIFFS

v.                               No. 4:20-cv-549-DPM

CHRIS RINGGOLD, INDIVIDUALLY & OFFICIAL
CAPACITY AS A LITTLE ROCK POLICE OFFICER
FOR THE CITY OF LITTLE ROCK, ARKANSAS;
RACHELLE STEWART, INDIVIDUALLY & OFFICIAL
CAPACITY AS A DEPUTY SHERIFF FOR SALINE
COUNTY, ARKANSAS; ROBERT HIGH,
INDIVIDUALLY & OFFICIAL CAPACITY AS A DEPUTY
SHERIFF FOR SALINE COUNTY, ARKANSAS;
AND A. POWELL, INDIVIDUALLY & OFFICIAL
CAPACITY AS A DEPUTY SHERIFF
FOR SALINE COUNTY, ARKANSAS                                            DEFENDANTS

ORDER

Janet and James Lawrence owned a Chuck-E-Cheese in Saline County. In May 2017, Mrs. Lawrence was arrested for running an illegal gambling hall and the business's game machines were seized. The arrest was based in part on Chris Ringgold's statement to the Saline County Sherriff's office. Ringgold was a Little Rock Police detective. He said that, while acting as an undercover officer, he had exchanged points for money at the Lawrences' Chuck-E-Cheese, violating Arkansas's law on gambling houses. The charges were eventually

dropped. The Lawrences have sued Ringgold and others from the Saline County Sheriff's office. The Lawrences claim a violation of their Fourth Amendment rights, intentional destruction of their surveillance system, and negligent damage to their game machines. They now seek to drop their official capacity claims against Ringgold and their claim against the City of Little Rock. *Doc. 12 at 3.* Ringgold has moved to dismiss the individual capacity claims against him based on qualified immunity. The three involved Saline County Sheriff's Deputies move to dismiss the official and individual claims against them. The Court takes all the facts alleged by the Lawrences as true. *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016).

The Lawrences say that Saline County's arrest warrant was no good, lacking in probable cause, because Ringgold lied. He didn't exchange the points for money; he exchanged them for a YETI mug. Ringgold seeks qualified immunity because the Lawrences haven't submitted evidence showing that his affidavit contained a deliberate falsehood or statements recklessly disregarding the truth. Ringgold's argument gestures at the merits, but the present question is whether the Lawrences have stated a plausible claim for relief. The Lawrences plead that Ringgold lied to get a warrant—a plausible Fourth Amendment claim, *Franks v. Delaware*, 438 U.S. 154, 171 (1978), which survives Ringgold's motion.

The Deputy Sheriffs aren't entitled to qualified immunity on all of the Lawrences' claims. The complaint alleges that the Deputies didn't have probable cause to take the Lawrences' property, they damaged it, and the department approved these steps. Because the Lawrences allege that their gaming machines were negligently damaged, the Court dismisses these claims. *Daniels v. Williams*, 474 U.S. 327, 328 & 333 (1986). But the allegedly intentional destruction of the surveillance system, to eliminate evidence of the seizure, precludes qualified immunity, at least at this point. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And on the official capacity claims, there's enough to infer an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 591 (8th Cir. 2004). The Lawrences plead that the City and County ratified the Deputies' actions, and ratification can support municipal liability. *Speer v. City of Wynne, Arkansas*, 276 F.3d 980, 987 (8th Cir. 2002).

\* \* \*

Embedded motion for partial nonsuit, *Doc. 12 at 3*, granted. Motion, *Doc. 11*, partly granted and partly denied. Motion, *Doc. 3*, denied as moot. Motion, *Doc. 14*, partly granted and partly denied. The official capacity claims against Ringgold and the City of Little Rock are dismissed without prejudice. The Court dismisses the Lawrences' claims about the gaming machines. All other individual capacity claims against all defendants remain in the case for now. The official

capacity claims against Deputies Stewart, High, and McClain remain in as well.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

4 September 2020